```
                        United States Bankruptcy Court
                        Middle District of Pennsylvania
```

In re:                                                    Case No. 16-01913-RNO
Steven R. Kennedy                                         Chapter 13
Shirley R. Kennedy
        Debtors              **CERTIFICATE OF NOTICE**

```
District/off: 0314-1       User: REshelman      Page 1 of 2        Date Rcvd: Jul 19, 2016
                           Form ID: pdf002      Total Noticed: 29
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 21, 2016.
db/jdb        +Steven R. Kennedy,   Shirley R. Kennedy,   1916 Preserve Lane,   Palmyra, PA 17078-8434
cr            +ACNB Bank, f/k/a Adams County National Bank,   P.O. Box 3129,   Gettysburg, PA 17325-0129
cr            +First National Bank,   c/o Donna Donaher,   One North Shore Center,   12 Federal Street,
               Pittsburgh, PA 15212-5752
4796684       +ACNB Bank,   P.O. Box 3129,   Gettysburg, PA 17325-0129
4785644        ADAMS NATIONAL BANK,   HARRISBURG RD,   GETTYSBURG, PA 17325
4785645       +Anne K. Fiorenza, Esq, Assistant U.S. Tr,   228 Walnut Street, Room 1190,
               Harrisburg, Pennsylvania 17101-1722
4785646       +Bureau of Employer Tax Oper,   PO Box 68568,   Harrisburg, Pennsylvania 17106-8568
4785647       +CB/ATYRLMC,   PO BOX 182789,   COLUMBUS, OH 43218-2789
4785648       +CHASE,   P.O. BOX 15298,   WILMINGTON, DE 19850-5298
4803572        Dauphin County Tax Claim Bureau,   P. O. Box 1295,   Harrisburg, PA  17108-1295
4785649       +FIA CS,   PO BOX 982238,   EL PASO, TX 79998-2238
4785650       +FIRST NATIONAL BANK,   ATTN LOAN SERVICING,   PO BOX 4999,   HARRISBURG, PA 17111-0999
4803319       +First National Bank of Pennsylvania,   c/o Donna M. Donaher,
               One North Shore Center, First Floor,   12 Federal Street,   Pittsburgh, PA 15212-5752
4785653       +OCWEN LOAN CENLAR,   1661 WORTHINGTON RSTE 100,   STE 100,   WEST PALM BEAC, FL 33409-6493
4785654       +Office of Attorney General,   Financial Enforcement Section, Strawberr,
               Harrisburg, Pennsylvania 17120-0001
4785657       +PNC BANK,   PO BOX 3180,   PITTSBURGH, PA 15230-3180
4785658       +PSECU,   P.O. BOX 1006,   HARRISBURG, PA 17108-1006
4785660       +TORRES CRDIT/UGI,   27 FAIRVIEW,   CARLISLE, PA 17015-3200
4785661       +U.S. Department of Justice,   PO Box 227, Ben Frankling Station,
               Washington, District of Columbia 20044-0227
4803161        US DEPT OF EDUCATION,   CLAIMS FILING UNIT,   PO BOX 8973,   MADISON WI 53708-8973
4785663       +USDOE/GLELSI,   2401 INTERNATIONALPOB 7859,   POB 7859,   MADISON, WI 53707-7859
4785662        United States Attorney,   PO Box 11754,   Harrisburg, Pennsylvania 17108-1754
4785664       +WFHM,   7255 BAYMEADOWS WAY,   PO BOX 10335,   DES MOINES, IA 50306-0335

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4785651        E-mail/Text: cio.bncmail@irs.gov Jul 19 2016 19:16:33     Internal Revenue Service,
               PO Box 7346,   Philadelphia, Pennsylvania 19101-7346
4785652       +Fax: 407-737-5634 Jul 19 2016 19:36:21     OCWEN LOAN,   1661 WORTHINGTON RSTE 100,   STE 100,
               WEST PALM BEAC, FL 33409-6493
4785655       +E-mail/Text: USTPRegion03.HA.ECF@USDOJ.GOV Jul 19 2016 19:16:51     Office of the U.S. Trustee,
               228 Walnut Street, Room 1190,   Harrisburg, Pennsylvania 17101-1722
4785656        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 19 2016 19:16:47     PA Department of Revenue,
               Department 280946, Attn: Bankruptcy Divi,   Harrisburg, Pennsylvania 17128-0946
4799584        E-mail/Text: bnc-quantum@quantum3group.com Jul 19 2016 19:16:44
               Quantum3 Group LLC as agent for,   Comenity Bank,   PO Box 788,   Kirkland, WA  98083-0788
4785659       +E-mail/PDF: gecsedi@recoverycorp.com Jul 19 2016 19:07:55     SYNCB/SAMSDC,   PO BOX 965005,
               ORLANDO, FL 32896-5005
                                                                                    TOTAL: 6

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 21, 2016                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 19, 2016 at the address(es) listed below:
          Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
          Donna  Donaher    on behalf of Creditor    First National Bank donaherd@fnb-corp.com
          Edward G Puhl    on behalf of Creditor    ACNB Bank, f/k/a Adams County National Bank
           edward.puhl@comcast.net,   ssaylor@acnb.com;puhleastmanthrasher@comcast.net
          Jerome B Blank    on behalf of Creditor    Wells Fargo Bank, N.A. pamb@fedphe.com
          John Matthew Hyams    on behalf of Joint Debtor Shirley R. Kennedy jmh@johnhyamslaw.com,
           jak@johnhyamslaw.com,jsa@johnhyamslaw.com
          John Matthew Hyams    on behalf of Debtor Steven R. Kennedy jmh@johnhyamslaw.com,
           jak@johnhyamslaw.com,jsa@johnhyamslaw.com
          Joshua I Goldman    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                                TOTAL: 8

Rev. 09/01/14

## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**IN RE:**

Steven R. Kennedy
and Shirley R. Kennedy

: **CHAPTER 13**
: **CASE NO.** 1 - 16 **-bk-** 01913
:
: **CHAPTER 13 PLAN**
:
: **(Indicate if applicable)**
: 0 **# MOTIONS TO AVOID LIENS**
: 0 **# MOTIONS TO VALUE COLLATERAL**
:
: ✓ **ORIGINAL PLAN**
: **AMENDED PLAN**
: **(Indicate 1ST, 2ND, 3RD, etc.)**

---

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

---

### PLAN PROVISIONS

**DISCHARGE:** **(Check one)**

✓ The debtor will seek a discharge of debts pursuant to Section 1328(a).

The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** **(Check if applicable)**

This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

## 1.    PLAN FUNDING AND LENGTH OF PLAN

A.    Plan Payments

1.    To date, the Debtor(s) has paid $ __0.00__ (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $ 72,360.00 plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 07/16 | 06/21 | $1206.00 | 0.00 | $1206.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | Total Payments: | $ 72,360.00 |

2.    If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3.    Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4.    CHECK ONE:    ☐ Debtor(s) is at or under median income

☑ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $ __0.00__ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B.    Liquidation of Assets

1.    In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ __0.00__ from the

2

sale of property known and designated as _____
_____. All sales shall be completed by
_____, 20____ If the property does not sell by the date
specified, then the disposition of the property shall be as follows:
_____

    2.      Other payments from any source(s) (describe specifically) shall be paid to
the Trustee as follows: N/A

    3.      The Debtor estimates that the liquidation value of this estate is
$   517,000.00  . (Liquidation value is calculated as the value of all non-
exempt assets after the deduction of valid liens and encumbrances and
before the deduction of Trustee fees and priority claims.)

## 2.    SECURED CLAIMS

    A.     <u>Pre-Confirmation Distributions</u>.  Adequate protection and conduit payments in the
following amounts will be paid by the Debtor to the Trustee.  The Trustee will
disburse these payments for which a proof of claim has been filed as soon as
practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| N/A | | | $ |
| | | | $ |

The Trustee will not make a partial payment.  If the Debtor makes a partial plan payment,
or if it is not paid on time and the Trustee is unable to pay timely a payment due on a
claim in this section, the Debtor's cure of this default must include any applicable late
charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including
statements, payment coupons, impound and escrow notices, and notices concerning
changes of the interest rate on variable interest rate loans.  If any such notice informs the
Debtor that the amount of the payment has increased or decreased, the change in the plan
payment to the Trustee will not require modification of this plan.

    B.     <u>Mortgages and Other Direct Payments by Debtor</u>.  Payments will be made outside
the plan according to the original contract terms, with no modification of contract
terms, unless otherwise agreed to by the contracting parties, and with liens
retained.  All mortgage and other lien claim balances survive the plan if not
avoided or paid in full under the plan.

Case 1:16-bk-01913-RNO   Doc 21   Filed 06/02/16   Entered 06/02/16 21:43:22   Desc
Main Document    Page 3 of 9
Case 1:16-bk-01913-RNO   Doc 34   Filed 07/21/16   Entered 07/22/16 00:53:46   Desc
Imaged Certificate of Notice   Page 5 of 11

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| First National Bank | 1916 Preserve Lane Hummelstown, PA | $ 1225.00 | $ 152,174.00 |
| First National Bank | 20 Victor Street Hummelstown, PA | $ 1525.00 | $ 143,668.00 |
| PNC Bank *See additional creditor under 8A | 121-125 Main Street Mechanicsburg, PA | $ 850.00 | $ 75,231.00 |
| PSECU | Honda CRV | $ 369.00 | $ 19,094.00 |

C.    Arrears.  The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below.  If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| N/A | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

D.    Secured Claims Paid According to Modified Terms.  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

4

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| N/A | | $ | % | $ | |
| | | $ | % | $ | |
| | | $ | % | $ | |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN.  CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a).  NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE.  IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN.  OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. <u>Other Secured Claims</u>.  (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| N/A | | $ | % | $ |
| | | $ | % | $ |
| | | $ | % | $ |

F. <u>Surrender of Collateral</u>.  Debtor(s) surrenders the following assets to secured creditors.  Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered.  This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Wells Fargo | 4303 Kentucky Ave, Mississippi |
| Ocwen Loan Center | 1922 & 1924 Kensington Street, Harrisburg, PA |
| See additional under Plan Provisions | |

G.      <u>Lien Avoidance</u>.  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| N/A | |
| | |
| | |

H.      <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>.  Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions.  (Check if applicable)

☑      Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1)      Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.  If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2)      Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3)      Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

**3.      PRIORITY CLAIMS**

A.      Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| N/A | $ |
| | $ |
| | $ |

B.  Administrative Claims:

(1)  Trustee fees.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2)  Attorney fees.  Check one box:

[✓]  In addition to the retainer of $____0.00____ already paid by the Debtor, the amount of $__5,000.00__ in the plan.  This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.

[ ]  $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3)  Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |
|  | $ |
|  | $ |

4.  **UNSECURED CLAIMS**

A.  Claims of Unsecured Nonpriority Creditors Specially Classified.  Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |

B.  All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| | | $ | % | $ | $ | |
| | | $ | % | $ | $ | |

**6.** **REVESTING OF PROPERTY: (Check One)**

☑ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☐ Property of the estate will vest in the Debtor upon closing of the case.

**7.** **STUDENT LOAN PROVISIONS**

A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows:

**(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | $ | % | $ | $ |
| | $ | % | $ | $ |

**8.** **OTHER PLAN PROVISIONS**

A. Include the additional provisions below or on an attachment. **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Addition to 2B - Mortgages
-Oorstown Bank secured by 121-125 E. Main Street;, Mechanicsburg, PA; $1431.00; $127,000.00 balance
Addition to 2F - Surrender Collateral
-Adams National Bank - 210 Erie; 2555 N. 6th; 1925 Park; 1842 Park; 1634 Park 10 S. 15th; 75 N. 17th; 1841 Market; 123 S. 14th; 125/127 S. 14th

8

**9.     ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:       Adequate protection payments.
Level 2:       Debtor's attorney's fees.
Level 3:       Domestic Support Obligations.
Level 4:       Priority claims, pro rata.
Level 5:       Secured claims, pro rata.
Level 6:       Specially classified unsecured claims.
Level 7:       General unsecured claims.
Level 8:       Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: _____June 2, 2016_____          /s/ John M. Hyams
                                             Attorney for Debtor

                                             /s/ Steven R. Kennedy
                                             Debtor

                                             /s/ Shirley R. Kennedy
                                             Joint Debtor