UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: STEVEN R. KENNEDY and SHIRLEY R. KENNEDY<br>    Debtor(s) | : CHAPTER 13<br>:<br>:<br>: |
| CHARLES J. DEHART, III<br>STANDING CHAPTER 13 TRUSTEE | :<br>:<br>: |
| vs. | :<br>: |
| STEVEN R. KENNEDY and<br>SHIRLEY R. KENNEDY<br>    Respondent(s) | :<br>:<br>:<br>: CASE NO. 1-16-bk-01913 |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 14th day of July, 2016, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor's have excess non-exempt equity in the following:

    a. Residential real estate.

3. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a. The plan is underfunded relative to claims to be paid – 100% plan.
    b. The plan is inconsistent with Proofs of Claims filed and/or approved by the Court.

4. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

    a. 2015 Federal Income Tax return.
    b. Copy of the 2015 federal partnership return for all entities in which the debtor is a partner.
    c. Current Profit and Loss Statement for nine (9) months of 2016.

5. The Trustee provides notice to the Court as to the ineffectiveness of debtor(s) Chapter 13 Plan for the following reasons:

    a. Clarification of vesting of property.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

## CERTIFICATE OF SERVICE

AND NOW, this 29th day of July, 2016, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

John Hyams, Esquire
555 Gettysburg Pike, Ste. C-402
Mechanicsburg, PA   17055

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee