IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
| : | |
| Steven R. Kennedy and : | |
| Shirley R. Kennedy : | |
| Debtors : | |
| : | CASE NO. . 1:16-bk-01913-RNO |
| Steven R. Kennedy and : | |
| Shirley R. Kennedy : | |
| Movants : | |
| : | |
| v. : | |
| : | |
| Adams County National Bank, and : | |
| Dauphin County Tax Claim Bureau : | |
| : | |
| Respondents : | |
| : | |
| Charles J. DeHart, III : | |
| Trustee : | |

## AMENDED ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND APPROVING DISTRIBUTION OF PROCEEDS

The Motion of the Debtors, Steven R. Kennedy and Shirley R. Kennedy, to Approve the Sale of Real Property Free and Clear of Liens, Claims and Encumbrances and Approving Distribution of Proceeds ("Motion") having come this day before the Court, and following notice to creditors in the above case and an opportunity for a hearing thereon, and the Court believing that the sale of the Real Property (as defined below) is in the best interests of the Debtor and her estate, and that such sale is made in good faith, and that the consideration offered is fair and reasonable, it is

    HEREBY ORDERED that:

    1. Steven R. Kennedy and Shirley R. Kennedy, Debtors herein, are authorized to sell the Real Property located at and known as 2555 North 6th Street, Harrisburg, Dauphin County, Pennsylvania (the "Real Property"), under the terms of and pursuant to that certain Agreement between the Debtors, as Sellers, and William C. Mathews, III as Buyer, (the "Agreement") and as set forth in the Motion. Such sale shall be William C. Matthews, III for the total consideration of $14,900.00.

2. The sale of the Real Property shall be free and clear of all liens, claims and encumbrances, except for easements and rights of way of record as may exist upon or under such Real Property. All liens will attach to the proceeds in the order of their priority subject to the distribution set forth in this Order.

3. The sale shall be free and clear of all real estate taxes and such other allowed claims, subject to the distribution set forth in this Order and payments of such real estate taxes.

4. The distribution of the funds generated by the sale of the Real Property shall be as follows:

   a. Any notarization or incidental recording fees required to be paid by the Debtors, as Sellers.
   b. Payment of the costs and expenses involved with the sale of the Real Property as set forth in the Agreement for Sale.
   c. Any costs associated with the preparation of the deed, processing fees, and normal services with respect to closing to be paid by Debtors, as Sellers.
   d. Closing costs and expenses to be paid in accordance with the terms of the Agreement for Sale and any addendums to the said Agreement for Sale.
   e. Settlement fees, tax certifications, and overnight/express mail charges, if any, required to be paid by Debtors, as Sellers.
   f. Attorney's fees in an amount of $3,500.00 payable to the Law Offices of John Hyams, payable on account of services in connection with this sale.
   g. Realty transfer tax, if any, required to be paid by Debtors, as Sellers.
   h. Real estate commission of $3,500.00 to Straub and Associates Real Estate Group.
   i. Any present or past due real estate taxes owed on the Real Property, prorated to the date of sale.
   j. Any remaining proceeds from the Sale of the Real Property to be paid to Adams County National Bank.
   k. Payment to Capital Region Water in the amount of $1,225.12.

5. The Debtors are empowered and ordered to execute any and all documents necessary to effectuate the sale of the Real Property.

6. Fed.R.Bankr.P. Rule 6004(h) is not applicable, and the Real Property may be sold and purchased promptly.

7. Upon payment of the appropriate fee, the Clerk's Office shall provide the Debtor with certified copies of this Order, as are necessary to be recorded in the Recorder of Deeds Offices of Dauphin County, Pennsylvania.