```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                          Case No. 16-01913-HWV
Steven R. Kennedy                                               Chapter 13
Shirley R. Kennedy
        Debtors                   CERTIFICATE OF NOTICE
District/off: 0314-1         User: AutoDocke         Page 1 of 1           Date Rcvd: Feb 20, 2020
                             Form ID: pdf010         Total Noticed: 3
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 22, 2020.
```
                +ORRSTOWN BANK,    Attn: President,   77 East King Street,   Shippensburg, PA 17257-1351
                +PNC BANK N.A.,    Attn: President,   PO Box 94982,   Cleveland, Oh 44101-4982
4816121         +PNC Bank N.A.,    PO Box 94982,   Cleveland, Oh 44101-4982
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 22, 2020                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 20, 2020 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              Donna  Donaher    on behalf of Creditor    First National Bank donaherd@fnb-corp.com
              Edward G Puhl    on behalf of Creditor    ACNB Bank, f/k/a Adams County National Bank
               edward.puhl@comcast.net,   ssaylor@acnb.com;puhleastmanthrasher@comcast.net
              Jerome B Blank    on behalf of Creditor    Wells Fargo Bank, N.A. pamb@fedphe.com
              John Matthew Hyams    on behalf of Debtor 1 Steven R. Kennedy jmh@johnhyamslaw.com,
               acb@johnhyamslaw.com,kef@johnhyamslaw.com;hyamsjr90415@notify.bestcase.com
              John Matthew Hyams    on behalf of Debtor 2 Shirley R. Kennedy jmh@johnhyamslaw.com,
               acb@johnhyamslaw.com,kef@johnhyamslaw.com;hyamsjr90415@notify.bestcase.com
              Joshua I Goldman    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Michael J Clark    on behalf of Creditor    Lakeview Loan Servicing, LLC pabk@logs.com
              Scott  Wyland    on behalf of Creditor    Capital Region Water swyland@salzmannhughes.com,
               lkent@salzmannhughes.com
              Stephen T. Coccorese    on behalf of Creditor    Capital Region Water stevec@salzmannhughes.com
              Thomas I Puleo    on behalf of Creditor    Lakeview Loan Servicing, LLC tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Tilman Paul Larson    on behalf of Debtor 2 Shirley R. Kennedy tpl@johnhyamslaw.com
              Tilman Paul Larson    on behalf of Debtor 1 Steven R. Kennedy tpl@johnhyamslaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 14
```

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
| Steven R. Kennedy and : | |
| Shirley R. Kennedy : | |
| Debtors : | |
| : | CASE NO. . 1:16-bk-01913-HWV |
| Steven R. Kennedy and : | |
| Shirley R. Kennedy : | |
| Movants : | |
| v. : | |
| PNC Bank, National Association : | |
| Orrstown Bank : | |
| Respondents : | |
| Charles J. DeHart, III : | |
| Trustee : | |

## ORDER APPROVING SALE OF REAL PROPERTY
## FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES
## AND APPROVING DISTRIBUTION OF PROCEEDS
## PURSUANT TO 11 U.S.C. 363(f)

The Motion of the Debtors, Steven R. Kennedy and Shirley R. Kennedy, to Approve the Sale of Real Property Free and Clear of Liens, Claims and Encumbrances and Approving Distribution of Proceeds ("Motion") having come this day before the Court, and following notice to creditors in the above case and an opportunity for a hearing thereon, and the Court believing that the sale of the Real Property (as defined below) is in the best interests of the Debtor and their estate, and that such sale is made in good faith, and that the consideration offered is fair and reasonable, it is

    HEREBY ORDERED that:

    1. Steven R. Kennedy and Shirley R. Kennedy, Debtors herein, are authorized to sell the Real Property located at and known as 121, 123, and 125 East Main Street, Mechanicsburg, Cumberland County, Pennsylvania (the "Real Property"), under the terms of and pursuant to that certain Agreement between the Debtors, as Sellers, and Blue Skies Acquisitions, LLC as Buyer, (the "Agreement") and as set forth in the Motion. Such sale shall be Blue Skies Acquisitions, LLC for the total consideration of $262,000.00.

2. The sale of the Real Property shall be free and clear of all liens, claims and encumbrances, except for easements and rights of way of record as may exist upon or under such Real Property. All liens will attach to the proceeds in the order of their priority subject to the distribution set forth in this Order.

3. The sale shall be free and clear of all real estate taxes and such other allowed claims, subject to the distribution set forth in this Order and payments of such real estate taxes.

4. The distribution of the funds generated by the sale of the Real Property shall be as follows:

   a. Any notarization or incidental recording fees required to be paid by the Debtors, as Sellers.
   b. Payment of the costs and expenses involved with the sale of the Real Property as set forth in the Agreement for Sale.
   c. Any costs associated with the preparation of the deed, processing fees, and normal services with respect to closing to be paid by Debtors, as Sellers.
   d. Closing costs and expenses to be paid in accordance with the terms of the Agreement for Sale and any addendums to the said Agreement for Sale.
   e. Settlement fees, tax certifications, and overnight/express mail charges, if any, required to be paid by Debtors, as Sellers.
   f. Attorney's fees in an amount of $3,500.00 payable to the Law Offices of John Hyams, payable on account of services in connection with this sale. Such fees shall be held in escrow by Debtors' counsel pending approval of a related fee application.
   g. Realty transfer tax, if any, required to be paid by Debtors, as Sellers.
   h. Real estate commission of $16,015.00 to Straub and Associates Real Estate Group.
   i. Any present or past due real estate taxes owed on the Real Property, prorated to the date of sale.
   j. Any present or past due municipal utilities owed on the Real Property, prorated to the date of sale.
   k. Providing for payment to Orrstown Bank in an amount sufficient to pay the Creditor's claim in full;
   l. Thereafter payment of any remaining proceeds to PNC Bank, National Association in an amount sufficient to pay the Creditor's claim in full;
   m. Thereafter payment of any remaining proceeds to Debtors on account of their full federal exemptions provided by 11 U.S.C. 522(d)(5);

5. The Debtors are empowered and ordered to execute any and all documents necessary to effectuate the sale of the Real Property.

6. Fed.R.Bankr.P. Rule 6004(h) is not applicable, and the Real Property may be sold and purchased promptly.

7. Upon payment of the appropriate fee, the Clerk's Office shall provide the Debtor with certified copies of this Order, as are necessary to be recorded in the Recorder of Deeds Offices of Cumberland County, Pennsylvania.

Dated: February 19, 2020        By the Court,

_____
Henry W. Van Eck, Chief Bankruptcy Judge (JH)